UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARAH VIERRA,

     Plaintiff,

v.                            Case No: 8:24-cv-01882-SDM-NHA

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## <u>REPORT AND RECOMMENDATIONS</u>

This cause comes before the Court on Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") (Doc. 18). I recommend the District Court grant Plaintiff's motion and award Plaintiff $9,021.51 as an attorney's fee.

On December 6, 2024, the Court entered an order reversing and remanding the Commissioner's decision against Plaintiff, pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 14. That same day, the Clerk entered judgment in Plaintiff's favor. Doc. 15. Plaintiff now requests an award of a $9,021.51 attorney's fee. Doc. 18.

For Plaintiff to be entitled to fees under the EAJA, five conditions must be established: (1) Plaintiff must timely file an application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million at the time the

Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990). Defendant bears the burden of demonstrating both that its position was substantially justified and that special circumstances make the award unjust. *United States v. Aisenberg*, 358 F.3d 1327, 1339 n. 18 (11th Cir. 2004).

Here, Plaintiff timely filed her application for EAJA fees on February 14, 2025, which was within 30 days of the date the judgment became final.[1] Docs. 15, 18. Plaintiff alleges she had a net worth of less than $2 million at the time her Complaint was filed. Doc. 18, p. 1. Plaintiff was the prevailing party in this social security action. Doc. 15; *see also* 28 U.S.C. § 2412(d)(1)(A); *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). Further, Plaintiff contends that Defendant's position was not substantially justified (Doc. 18, p. 1). *See* 28 U.S.C. § 2412(d)(1)(A). And Defendant offers no argument that its position was substantially justified or that special

---

[1] The judgment becomes final after the 60-day appeal window closes; thus, the plaintiff in a social security case has 90 days after the judgment to move for fees. See 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); FED. R. APP. P. 4(a)(1)(B).

2

circumstances would make the fee award unjust. Indeed, Defendant does not oppose this motion. Doc. 18, p. 2.

The amount to be awarded in EAJA fees is decided under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd* 496 U.S. 154 (1990). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992).

Plaintiff seeks an attorney's fee of $9,021.51. Doc. 18, p. 1. Plaintiff's attorneys spent 36.00 hours on the case, billing at an average hourly rate of $250.60. Doc. 18-3. I find the fee request to be reasonable given Defendant's lack of objection and the fair hourly rate. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (stating that "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quotation omitted).

If Plaintiff has no discernable federal debt, the government will accept Plaintiff's assignment of EAJA fees (Doc. 18, p. 1) and pay the fees directly to Plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 597 (2010) (discussing the government's practice to make direct payment of fees to attorneys only in

3

cases where "the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney").

Accordingly, I respectfully **RECOMMEND**:

1.    Plaintiff's unopposed Motion (Doc. 18) be GRANTED.

2.    Plaintiff be awarded a $9,021.51 attorney's fee.

3.    The Clerk be directed to enter an amended judgment accordingly.

ORDERED on February 18, 2025.

NATALIE HIRT ADAMS
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.